FILED

OCT 07 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Petitioner - Appellant, v. BASHAS' INC., Respondent - Appellee. | No. 12-15238 D.C. No. 2:09-cv-00209-RCB MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, Senior District Judge, Presiding

Argued February 12, 2014, Submitted October 7, 2014
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and KORMAN, Senior District Judge.**

The EEOC served Bashas' Inc. with the subpoena at issue on this appeal.

Bashas' refused to comply. Except for a few "requests which the [district] court

deem[ed] irrelevant," the district court directed that Bashas' comply with the EEOC's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

subpoena.  After the parties failed to agree on the terms of a confidentiality order, the district court entered one of its own.  Only the EEOC appeals, arguing that the confidentiality order entered by the district court is wholly unwarranted or, alternatively, overbroad.

In its brief on appeal, the EEOC took the position that it could make disclosure of subpoenaed information prior to issuing a Notice of Right to Sue and closing its investigation.  Specifically, it stated that "the EEOC may make disclosures to aggrieved persons during the investigation to the extent deemed necessary to effectively enforce the law."   Moreover, this position was consistent with its argument in the district court that the statutory and regulatory framework gave it the right to make such disclosure.

Nevertheless, in its oral argument, the EEOC did an about-face.  Thus, the attorney arguing the case stated:

> During pendency of the charge/investigation, no one is getting anything.  Not Parra parties.  Not anybody else parties.  Not aggrieved persons. Nobody.  It's only after a Notice of Right to Sue has been issued, and only if the person is within the class, only information as to them, and only information that isn't subject to a FOIA exemption or a Section 83 exemption . . . .
>                    ***

2

> I want to be really clear on this [point]. During the pendency of the investigation, no one gets anything. FOIA and Section 83 only pertain to once a Notice of Right to Sue has been issued.

The EEOC's position at oral argument may obviate the need for a confidentiality order altogether. Indeed, counsel for Bashas' admitted during oral argument that, given the EEOC's new position, he saw far less need for a confidentiality order. He stated, "I guess I would say we don't have a problem."

Under these circumstances, we remand to the district court for reconsideration in light of the EEOC's concession on this appeal. Moreover, we emphasize, as we have previously held in a case involving a concession made by a party during oral argument, that the EEOC's "statement is binding on it in any further proceedings in this case." *See Amberhill Props. v. City of Berkeley*, 814 F.2d 1340, 1341 (9th Cir. 1987); *see also Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F.3d 1036, 1043 n.3 (9th Cir. 2004) (finding party "judicially bound" to concession made at oral argument and citing *Amberhill*). Because our disposition of the case is based on a concession and not upon our independent analysis of the law, it should not be read as suggesting that the EEOC would necessarily be bound to its concession in any other case.

**VACATED AND REMANDED.**